UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
:
**SHAWN TOMKO,**                          : Civil Action No.  2:20-CV-1170
**on behalf of himself and**              :
**similarly situated employees,**         :
                                          : **INDIVIDUAL AND**
          *Plaintiff*,                    : **COLLECTIVE/CLASS**
                                          : **ACTION COMPLAINT**
              v.                          :
                                          :
**ITRON, INC.,**                          : **Jury Trial Demanded**
                                          :
          *Defendant.*                    : **Electronically Filed**
                                          :
------------------------------------------------------- X

### INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

### Parties

4. **Plaintiff Shawn Tomko** resides in North Versailles, PA 15137. Plaintiff was employed by Defendant Itron, Inc., with the title of Implementation Manager for most of that time, from in or about July 2017 until on or about July 10, 2020.

5. Plaintiff reported to Defendant's Pittsburgh, PA, office.

6. Plaintiff regularly performed work within the state of Pennsylvania.

7. **Defendant Itron, Inc.,** is an American technology company that offers products and services related to the delivery of infrastructure services, such as energy and water. Among other things, Itron offers products and services related to energy and water resource management. Defendant maintains its headquarters at 2111 N. Molter Road, Liberty Lake, WA 99019, and maintains a continuous business presence in western Pennsylvania and other locations in Pennsylvania as well as in most or all of the other 49 states.

8. Itron offers products and services related to the delivery of infrastructure services in more than 100 countries worldwide.

9. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has been subject to the provisions of Section 3(s)(1) of the FLSA, 28 U.S.C. § 213(s)(1).

10. Defendant has regularly employed individuals such as Plaintiff in the state of Pennsylvania in the performance of work on behalf of Defendant and is subject to the provisions of the PMWA.

## Statement of Claims

11. Defendant employed Plaintiff from in or about July 2017 until on or about July 10, 2020.

12. Defendant hired Plaintiff for the position of Implementation Manager reporting to Defendant's Pittsburgh, PA, office.

13. Plaintiff was paid an annual salary of about $61,000.

14. Plaintiff worked more than 40 hours in most workweeks during his employment.

15. Plaintiff regularly worked more than 50 hours in workweeks during his employment.

16. Plaintiff was not paid overtime.

17. Rather, Defendant classified Plaintiff as exempt from overtime under the FLSA and the PMWA.

18. Defendant classified Plaintiff as exempt as a matter of common policy based upon Plaintiff's title and salary.

19. Per Itron's written job description for Plaintiff's position, an Itron Implementation Manager is part of the team responsible for "coordinating the successful delivery of equipment and installation of Itron products."

20. Key duties and responsibilities of Implementation Managers include identifying installation risks, implementing risk mitigation strategies, ensuring that customer installation/deployment activity is scheduled and completed to the customer's satisfaction, coordinating post-startup activities and coordinating with vendors for delivery of equipment and services.

21. Neither Plaintiff's primary duty, nor the primary duty of the other Implementation Managers (see below), was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.  Rather, Plaintiff's primary duty, and the primary duty of the other Implementation Managers (see below), was the delivery and installation of Itron products.

22. Neither Plaintiff's primary duty, nor the primary duty of the other Implementation Managers (see below), required advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

23. Neither Plaintiff, nor the other Implementation Managers (see below), managed or

supervised two or more employees of Defendant.

24. Plaintiff was required to work more than eight hours per day, five days per week.

25. Plaintiff was regularly required to perform, and in fact performed, work in the evenings and on weekends.

26. On average, Plaintiff worked between 50 and 60 hours per week.

27. There have also been times when Plaintiff had to work in excess of 60 hours in workweeks in order to complete his assigned work.

28. Defendant has not paid overtime compensation—at 1.5x his regular rate or any other premium rate—to Plaintiff for any of the worktime in excess of 40 hours in any workweek.

29. Itron had direct knowledge of Plaintiff working more than 40 hours in workweeks.

30. Plaintiff was told directly by management, verbally and in writing, that he was expected to work more than 40 hours per week.

31. Defendant has not paid Plaintiff overtime wages for hours worked in excess of forty hours in any workweek because Defendant has classified Plaintiff as "exempt" from the overtime requirements of the FLSA and PMWA.

32. Itron's classification of Plaintiff as "exempt" is the product of a common policy based upon the title of "Implementation Manager" and payment of a salary, rather than an evaluation of Plaintiff's, or the other Implementation Managers', actual job duties.

33. Contrary to this classification, Plaintiff is not exempt from the overtime protections of the FLSA or the PMWA.

34. Defendant has known the misclassification of Plaintiff violates the FLSA.

35. In the alternative, Defendant has acted in reckless disregard of and indifference toward

the FLSA by failing to make a good-faith effort to evaluate Plaintiff's job duties vis-à-vis the FLSA's exemptions.

36. Defendant also fails to maintain accurate records of the time worked by Plaintiff, as required by 29 C.F.R. § 516.2.

37. Defendant's policy of misclassifying Plaintiff, not maintaining accurate time records and failing to pay overtime wages due in overtime workweeks was in violation of the FLSA and the PMWA.

38. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay a premium rate for overtime worked.

## Collective/Class Action Averments

39. Plaintiff incorporates by reference paragraphs 1 through 38, above.

40. In the past three years Defendant has employed more than 200 employees with a title of Implementation Manager, or who have other titles but perform the same or similar principal duties as Implementation Managers. (The principal duties of Implementation Managers are described in paragraphs 20 and 21, above.)

41. These 200+ Implementation Managers, like Plaintiff, are paid a salary.

42. These 200+ Implementation Managers, like Plaintiff, have been classified as exempt.

43. These 200+ Implementation Managers, like Plaintiff, have worked more than 40 hours in one or more workweeks since August 2017.

44. Itron management has had direct knowledge of these 200+ Implementation Managers, like Plaintiff, working more than 40 hours in workweeks since August 2017.

45. These 200+ Implementation Managers, like Plaintiff, have not been paid overtime.

46. These 200+ Implementation Managers, like Plaintiff, have not been paid overtime because of the common policy by Defendant of classifying the Implementation Managers as exempt.

47. For purposes of this action, and within the meaning of the FLSA and the PMWA, these 200+ Implementation Managers are similarly situated to Plaintiff and to one another.

48. These 200+ similarly situated Implementation Managers, like Plaintiff, have the primary duty of production, not general business operations.

49. These 200+ similarly situated Implementation Managers, like Plaintiff, are not required to have advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

50. These 200+ similarly situated Implementation Managers, like Plaintiff, do not manage or supervise two or more of Defendant's employees.

51. Itron's classification of these 200+ similarly situated Implementation Managers, like its classification of Plaintiff, as "exempt" is the product of a common policy based upon the title of "Implementation Manager" and payment of a salary, rather than an evaluation of the Implementation Managers' actual job duties.

52. These similarly situated Implementation Managers are, and have been, like Plaintiff, non-exempt for at least the past three years prior to the filing of this Complaint.

53. Defendant has known its common policy of classifying the Implementation Managers as exempt is improper and has known its misclassification violates the FLSA and PMWA.

54. In the alternative, Defendant has acted in reckless disregard of and indifference toward the FLSA and PMWA by failing to make a good-faith effort to evaluate whether these similarly situated Implementation Managers' job duties satisfy the FLSA's and PMWA's exemptions.

55. Defendant also fails to maintain accurate records of the time worked by the similarly situated Implementation Managers. 29 C.F.R. § 516.2.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this complaint as though the same were more fully set forth herein.

57. Plaintiff and all other similarly situated Implementation Managers are employees of Defendant within the meaning of the FLSA.

58. Defendant is an employer within the meaning of the FLSA.

59. As a matter of common policy Plaintiff and all other similarly situated Implementation Managers have been classified as exempt from the overtime provisions of the FLSA.

60. This common policy of classifying Plaintiff and all other similarly situated Implementation Managers as exempt is incorrect:  neither Plaintiff nor the similarly situated Implementation Managers satisfy any of the exemptions in the FLSA.

61. This common policy of misclassifying Plaintiff and all other similarly situated Implementation Managers as exempt has been in effect since at least August 2017.

62. Plaintiff and all other similarly situated Implementation Managers should have been classified as non-exempt from no later than August 2017 through the present.

63. Plaintiff and all other similarly situated Implementation Managers have regularly worked more than forty hours in workweeks since August 2017.

64. Defendant has not paid any overtime compensation to Plaintiff and all other similarly situated Implementation Managers when they have worked more than forty hours in workweeks since August 2017.

65. The similarly situated employees for purposes of this action are the Implementation

Managers performing the same or similar work as Plaintiff who have worked more than 40 hours in one or more workweeks since three years prior to the filing of this Complaint and who have not been paid overtime because they, like Plaintiff, have been misclassified as exempt as a matter of common policy.

66. Defendant's failure to pay overtime to Plaintiff and all other similarly situated Implementation Managers has violated the FLSA.

67. For at least the past three years, Defendant's violations of the FLSA have been knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

68. Plaintiff and all other similarly situated Implementation Managers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

69. Defendant has knowingly and intentionally violated the FLSA's requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay a premium rate for overtime worked.

70. Plaintiff and all other similarly situated Implementation Managers are also entitled to recover liquidated damages under the FLSA.

### COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action

71. Plaintiff incorporates by reference paragraphs 1 through 70 of this complaint as though the same were more fully set forth herein.

72. There are 20+ similarly situated Implementation Managers who, like Plaintiff, have reported to offices in Pennsylvania and/or who have performed the bulk of their work in Pennsylvania since August 2017.

73. Plaintiff and all other similarly situated Implementation Managers who have reported to offices in Pennsylvania and/or who have performed the bulk of their work in

Pennsylvania since August 2017 are employees of Defendant within the meaning of the PMWA.

74. Defendant is an employer within the meaning of the PMWA.

75. As a matter of common policy Plaintiff and all other similarly situated Implementation Managers in Pennsylvania have been improperly classified as exempt from the overtime provisions of the PMWA since at least August 2017.

76. Plaintiff and all other similarly situated Implementation Managers in Pennsylvania have been misclassified as exempt since at least August 2017 through the present.

77. Plaintiff and all other similarly situated Implementation Managers in Pennsylvania have regularly worked more than forty hours in workweeks since August 2017.

78. Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Implementation Managers in Pennsylvania when they have worked more than forty hours in workweeks since August 2017.

79. Defendant's failure to pay overtime to Plaintiff and all other similarly situated Implementation Managers in Pennsylvania has violated the PMWA.

80. For at least the past three years, Defendant's violations of the PMWA have been knowing, willful, and in reckless disregard of the PMWA overtime requirements.

81. Plaintiff and all other similarly situated Implementation Managers in Pennsylvania are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus statutory enhancements, interest, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

82. WHEREFORE, Plaintiff and all other similarly situated Implementation Managers subject to the common policy of misclassifying them as exempt and denying them overtime due to them as a result of working more than 40 hours in workweeks since

August 2017 respectfully request that this Court:

A. order Defendant to pay compensatory damages equal to the unpaid overtime compensation owed to Plaintiff and all other similarly situated Implementation Managers;

B. order Defendant to pay liquidated damages (under the FLSA) to Plaintiff and all other similarly situated Implementation Managers;

C. order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Implementation Managers; and,

D. grant such further relief as the Court deems necessary and proper.

                                              Respectfully submitted,

                                              s/Joseph H. Chivers
                                              Joseph H. Chivers, Esq.
                                              PA ID No. 39184
                                              The Employment Rights Group, LLC
                                              100 First Avenue, Suite 650
                                              Pittsburgh, PA  15222-1514
                                              jchivers@employmentrightsgroup.com
                                              Tel: (412) 227-0763/Fax: (412) 774-1994

                                              *Counsel for Plaintiff*
                                              *and all others similarly situated*

Dated: August 6, 2020